UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAN MILLER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NATURE'S PATH FOODS, INC.,<br><br>　　　　Defendant. | Case No. 23-cv-05711-JST<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE**<br><br>Re: ECF No. 26 |

　　　　Now before the Court is Defendant's administrative motion to continue the February 20, 2024 case management conference. For the reasons that follow, the Court will grant the motion.

　　　　First, Defendant's new counsel was engaged less than a month ago. Regardless of what may have transpired before that time or what agreements may have been reached with prior counsel, ordinary professional courtesy would suggest that—except in an emergency—a modest extension of the existing deadlines would be appropriate to allow new counsel to get up to speed. There is nothing emergent about Plaintiff's claims, which "seek redress for [Defendant's] unlawful and deceptive practices in labeling and marketing of Defendant's breakfast and snack products that make protein claims on the front of the product packages but fail to include the percent of daily value for protein in the Nutrition Facts Panel." ECF No. 1 ¶ 1.

　　　　Second, as Defendant notes, the Court often continues case management conferences when motions to dismiss are pending, including on its own motion. ECF No. 26 at 4 & n.2 (noting that "this Court regularly grants stipulations to continue the initial case management conference (like the one sought here by Defendant from Plaintiff), including those continuing it to a time after a ruling on motions to dismiss," and that the "Court has also, on its own motion, continued initial case management conferences due to pending motions"). Plaintiff does not respond to this

contention.

Third, Plaintiff disadvantages itself by not suggesting *some* amount of additional amount of extension it could live with, thereby forcing the Court to choose between Defendant's proposal to continue the case management conference "to a time after the Court rules on Nature's Path's pending motion to dismiss (or an amended motion), or in the alternative, by at least forty-five (45) days," ECF No. 26 at 2, and Plaintiff's proposal to provide no continuance at all.  The Court often makes scheduling decisions on a baseball arbitration basis.  *See* Michael Carrell & Richard Bales, *Considering Final Offer Arbitration to Resolve Public Sector Impasses in Times of Concession Bargaining*, 28 Ohio St. J. on Disp. Resol. 1, 20 (2013) ("In baseball arbitration . . . the parties . . . have every incentive to make a reasonable proposal to the arbitrator because the arbitrator will choose the more reasonable offer."); *see also CPC Pat. Techs. PTY Ltd. v. Apple, Inc.*, No. 21-mc-80091-JST, 2023 WL 3579314, at *6 n.3 (N.D. Cal. Jan. 3, 2023) (citing Carrell & Bales).  The Court applies that model here.

For all these reasons, Defendant's request is granted.  The February 20, 2024 case management conference is continued to June 18, 2024 at 2:00 p.m.  An updated joint case management statement is due June 11, 2024.

**IT IS SO ORDERED.**

Dated:  February 12, 2024



JON S. TIGAR
United States District Judge